IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| MARISELA ALVARADO, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 2:17-CV-227-Z-BR |
| | § | |
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
TO DENY PETITIONER'S MOTION TO VACATE**

Before the Court is the *Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody* filed by MARISELA ALVARADO ("petitioner") on December 18, 2017. (ECF 4). For the reasons set forth below, petitioner's motion should be DENIED.

**I.   FACTUAL AND PROCEDURAL HISTORY**

On March 30, 2016, petitioner was charged by Indictment with the felony offenses of Conspiracy to Distribute and Possess with Intent to Distribute 500 Grams or More of Methamphetamine in violation of 21 U.S.C. § 846 and Possession with Intent to Distribute 500 Grams or More of Methamphetamine and Aiding and Abetting in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(viii) and 18 U.S.C. § 2. *United States v. Alvarado,* No. 2:16-CR-27(01).[1] (CR ECF 22). On June 1, 2016, petitioner was charged by a Superseding Information with Distribution and Possession with Intent to Distribute Methamphetamine, in violation of 841(a)(1), 841(b)(1)(C). (CR ECF 36).

---

[1] Record citations to petitioner's underlying federal criminal case, *United States v. Alvarado*, 2:16-CR-27(01), shall be to "CR ECF #" throughout this Opinion. Record citations to documents filed in the instant habeas case will be to "ECF #."

Petitioner entered into a Plea Agreement at the time the charges in the Superseding Information were filed. (CR ECF 39). On June 8, 2016, petitioner pleaded guilty to the Superseding Information. (CR ECF 42). Pursuant to the written Plea Agreement filed June 2, 2016, petitioner acknowledged the maximum penalties the Court could impose, stated she understood the Court would impose the sentence after consideration of the United States Sentencing Guidelines ("guidelines") and that the guidelines were not binding on the Court. (CR ECF 39). Petitioner also acknowledged at the hearing that she had reviewed the guidelines with counsel but understood no one could predict with certainty the outcome of the Court's consideration of the guidelines in her case, that she would not be allowed to withdraw her plea if her sentence was higher than expected, and also that she fully understood the actual sentence imposed was solely in the discretion of the Court. (CR ECF 60 at 18–20). Petitioner averred not only that there had been no guarantees or promises from anyone as to what sentence the Court would impose (*Id.* at 19), but also that she was fully satisfied with her attorney's legal representation. *Id*. at 9.

Additionally, the Court specifically addressed the Rule 11(c)(1)(B) agreement contained in the Plea Agreement with petitioner during her plea. *Id.* at 14. In the agreement, the Government agreed that it would make a "lowest end of the guideline" sentence recommendation and would not oppose a request for a minor-role participant sentence reduction. *Id*. The Court informed petitioner that it did not have to accept such recommendations from the Government, nor was the Court bound by any agreement between the parties concerning sentence reductions or recommendations. *Id*. at 14–15. Petitioner acknowledged that she fully understood the maximum possible penalties of her crime and also that no sentence was guaranteed by the Plea Agreement. *Id.* Furthermore, petitioner was advised that in the event the Court did not follow the recommendations regarding sentence, and even if the Court imposed the maximum penalty for the offense, petitioner would not be allowed to

2

withdraw her plea. *Id*. at 15. Petitioner averred that her plea was freely and voluntarily made, that she was pleading guilty because she was in fact guilty, and that she fully understood that the sentence was in the discretion of the Court. *Id*. at 13, 18.

In addition to the Plea Agreement, a Plea Agreement Supplement was filed on June 2, 2016. (CR ECF 41). Petitioner agreed "to fully cooperate with the United States, its agencies, and other law enforcement agencies, and provide truthful and complete information and/or testimony before any federal grand jury, the United States District Court, or in any other proceeding, concerning her participation in the offense of conviction and knowledge of criminal activities." *Id*. at 1. In exchange for her cooperation the Plea Agreement Supplement provides, ""if, in *its sole discretion*, the [G]overnment determines that the defendant has provided substantial assistance in the investigation or prosecution of others, it will file a motion urging sentencing consideration for that assistance. Whether and to what extent to grant the motion are matters solely within the Court's discretion." *Id.* (emphasis added). These paragraphs in the Plea Agreement Supplement, as well as the information contained in the Plea Agreement, constituted the entirety of the agreement between the petitioner and the Government, as acknowledged by petitioner during her plea. (ECF 60 at 13). Petitioner does not indicate in her motion to vacate what, if any, cooperation was provided, or what, if any, interactions occurred between her and the Government concerning the cooperation described by the Plea Agreement Supplement. *See* ECF 4.

A signed Factual Resume was submitted in connection with petitioner's Plea Agreement. (CR ECF 40). The Factual Resume stated:

> On March 6, 2016, Texas Department of Public Safety Trooper Max Honesto … stopped a Chrysler PT Cruiser for speeding. Trooper Honesto made contact with the driver of the vehicle, who was later identified as Marisela Alvarado (Alvarado). Trooper Honesto identified the sole passenger of the vehicle as Dora Velez (Velez). While speaking to Alvarado and Velez, Trooper Honesto noticed that both exhibited nervousness and unusual behavior.

3

> Trooper Honesto issued Alvarado a warning for speeding and returned all of her documents to her. Trooper Honesto then asked Alvarado for consent to search the vehicle, and she granted consent to search the vehicle. During the search of the vehicle, Trooper Honesto discovered bundles of a crystal-like substance in the passenger-side rocker panel and in the driver-side door jam of the vehicle. The vehicle was taken to the Carson County DPS office so a thorough search could be completed. Trooper Honesto located 20 bundles of suspected methamphetamine throughout the vehicle.
>
> After being advised of her Miranda rights, Alvarado waived those rights and spoke to law enforcement agents. Alvarado admitted to knowingly transporting narcotics from California to Arkansas, and admitted that she was to be paid for transporting the narcotics.
>
> Alvarado admits that she knowingly and intentionally possessed with intent to distribute methamphetamine, a Schedule II controlled substance.

(CR ECF 40 at 2–3). During her plea, petitioner acknowledged that the statements contained in the Factual Resume were accurate, and that she was pleading guilty because she was guilty of the offense. (CR ECF 60 at 13, 22–24).

On July 28, 2016, a Presentence Report (PSR) calculated petitioner's total criminal history score of 1 and a Criminal History Category of I. (CR ECF 44-1 at 8). Petitioner's Offense Level was reduced by two (2) levels under USSG §5C1.2, and an additional two (2) levels for her role as a "minimal participant" under USSG §3B1.2. *Id.* at 7. She received an additional three (3) level reduction for her acceptance of responsibility and plea. *Id.* Based on a Total Offense Level of 27 and the Criminal History Category of I, the PSR recommended a Guideline Imprisonment Range of 70 to 87 months. (*Id.* at 11). On August 9, 2016, petitioner's counsel filed numerous objections to the PSR, including objections to the guideline calculations. (CR ECF 48). Petitioner's counsel argued that the appropriate Offense Level was 1, following the Factual Resume and the Superseding Information, which did not account for a specific amount of methamphetamine, as noted by the reduced charges in the amended charging instrument. *Id.* at 2–3.

On August 16, 2016, a Presentence Report Addendum was filed, declining to adjust the

Offense Level based on the failure to include the specific quantity of narcotics in the Factual Resume or to indicate the amount in the Superseding Information. (CR ECF 49-1). The PSR Addendum stated,

> Pursuant to USSG §1B1.3, Relevant Conduct, the defendant is "responsible for all acts and omissions committed, aided, abetted, counseled, commanded, induced, procured, or willfully caused by the defendant; and in the case of a jointly undertaken criminal activity (a criminal plan, scheme, endeavor, or enterprise undertaken by the defendant in concert with others, whether or not charged as a conspiracy), all acts and omissions of others that were within the scope of the jointly undertaken criminal activity, in furtherance of that criminal activity, and reasonably foreseeable in connection with that criminal activity; that occurred during the commission of the offense of conviction, in preparation for that offense, or in the course of attempting to avoid detection or responsibility for that offense … "
>
> The methamphetamine that was discovered in the defendant's car was sent to the Drug Enforcement Administration Laboratory for testing. The amount of methamphetamine (actual) the defendant was transporting was 8.969 kilograms. Based on this information, paragraph 20 of the Presentence Report is correct and no changes should be made.

*Id.* at 1–2. On November 10, 2016, counsel for petitioner once again filed objections to the Offense Level calculations, alleging that the calculations ignored the agreement with the Government, made when considering the plea. (CR ECF 51).

On November 15, 2016, the Court held petitioner's sentencing hearing. (CR ECF 52). At the hearing, the Court addressed petitioner's objections to the PSR and PSR Addendum. (CR ECF 61 at 6–7). The Court determined that the guideline calculations were accurate and overruled the petitioner's objections. *Id.* at 7. The Government subsequently moved to dismiss the Indictment, recommended the Court accept the sentence reduction for petitioner's "minor role" and recommended a sentence at the bottom end of the advisory guideline range, all in accord with the written terms of the Plea Agreement and Plea Agreement Supplement. *Id.* at 9–10. The Court then accepted the agreement made in the Rule 11(c)(1)(B) agreement. *Id.* at 12. The Court then sentenced petitioner to a 70-month term of imprisonment in the United States Bureau of Prisons, a sentence at the bottom of the guideline range. *Id.* The Court entered Judgment that same date. (CR ECF 53).

Petitioner did not appeal her conviction and sentence to the United States Court of Appeals for the Fifth Circuit. Petitioner claims in her motion to vacate that she did not "fully understand" her right to appeal her sentence; however, petitioner makes no claim for ineffective assistance of counsel based on the failure to adequately advise her of her right to appeal her sentence.

On November 12, 2017, petitioner placed a motion for time extension to file a motion to vacate her sentence in the prison mailing system, such motion being received and filed of record on November 17, 2017. (ECF 3 at 2). The Court construed this motion as a motion to vacate and ordered petitioner to submit her claims on the proper form. (CR ECF 58). On December 18, 2017, petitioner filed her amended motion to vacate as ordered by the Court. (ECF 4). On July 19, 2018, the respondent filed its response in opposition to petitioner's motion. (ECF 12). Petitioner filed no reply to the response.

## II.   PETITIONER'S ALLEGATION

In this motion, petitioner contends her sentence is in violation of the Constitution and laws of the United States for the following reason:

> Petitioner was denied effective assistance of counsel in her criminal proceeding because counsel failed to "fight for substantial assistance" through a Section 5K1.1 motion, and a departure from the guideline range based on that motion.

## III.   MERITS

In its response filed July 19, 2018, the respondent thoroughly and accurately briefed statutory authority and case law regarding the applicable standards of review for relief under 28 U.S.C. section 2255 proceedings, and for reviewing claims of ineffective assistance of counsel under *Strickland v. Washington*, 466 U.S. 668, 689 (1984) and its progeny. *See* ECF 12 at 4–6. The Court notes its obligation to follow these clearly established standards without the need of repeating the respondent's briefing.

A motion to vacate can be decided without an evidentiary hearing if the record conclusively establishes that a defendant is not entitled to relief under § 2255. *See United States v. Bartholomew*, 974 F.2d 39, 41 (5th Cir. 1992). For the reasons discussed below, the undersigned determines that the record conclusively establishes that petitioner is not entitled to relief on her sole ground of error.

In her sole ground, petitioner claims she was denied her constitutional right to effective assistance of counsel because counsel failed to raise a Section 5K1.1 motion prior to, or at, the sentencing hearing. The Court must determine if counsel had a reason to file a Section 5K1.1 motion or address the issue at sentencing. If not, petitioner has not, and cannot, show counsel performed deficiently. Without a basis to further object to the guideline calculation (as counsel did indeed object to the guideline calculations based on petitioner's understanding of the Plea Agreement and Plea Agreement Supplement), petitioner's counsel did not provide ineffective representation by failing to challenge the failure of the Court to consider a downward departure from the sentencing guidelines based on petitioner's alleged cooperation with the Government. *See United States v. Kimler*, 167 F.3d 889, 893 (5th Cir. 1999) (counsel cannot be deemed ineffective for failing to raise a meritless argument).

When a defendant challenges a guilty plea based on ineffective assistance of counsel, the "prejudice" requirement "focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process." *Hill v. Lockhart*, 474 U.S. 52, 58 (1985). Petitioner did not object to the failure of the Government (or her counsel) to file a Section 5K1.1 motion prior to, or during, her sentencing. *See* CR ECF 61.

As petitioner's motion to vacate alleges ineffective assistance of counsel based on counsel's failures during the sentencing process to limit petitioner's sentencing range, petitioner's claim could be interpreted to include an assertion that her counsel failed to adequately advise her of the

7

consequences of her plea. "Failing to properly advise the defendant of the maximum sentence he could receive [as a result of a plea] falls below the objective standard required by *Strickland*." *United States v. Herrera*, 412 F.3d 577, 580 (5th Cir. 2005) (internal citations and quotations omitted). To show that her counsel performed deficiently, however, she must present evidence that her attorney miscalculated her sentencing exposure and, as a result, she lacked a full understanding of the risks of pleading guilty. *Id*. Counsel breaches his duty as a defense attorney as to whether a particular plea appears desirable by grossly underestimating the defendant's sentencing exposure. *United States v. Grammas*, 376 F.3d 433, 436 (5th Cir. 2004).

Petitioner, however, fails to articulate that she was unaware the maximum sentence she could receive pursuant to the plea agreement was twenty (20) years. *See* ECF 60. Further, she was admonished by the Court of the statutory maximum. *Id*. Court records reflect that petitioner was aware of her statutory range of punishment, and her representations to the Court during her plea and at her sentencing hearing negate ineffective assistance in the plea context.

Petitioner must show not only that "counsel's errors were so serious as to deprive the defendant of a fair trial," but also that "the result of the proceedings would have been different but for counsel's unprofessional errors." *Day v. Quarterman*, 566 F.3d 527, 536 (5th Cir. 2009). Prejudice only exists if the defendant demonstrates she would have received a lesser sentence. *Grammas*, 376 F.3d at 436. Petitioner has failed to assert any allegations that she would have received a lower sentence if a Section 5K1.1 motion was filed, nor has she made any assertions concerning the nature of her cooperation beyond her admissions of guilt during initial questioning and her acceptance of responsibility during her plea.

When considering the performance of petitioner's trial counsel, the Court notes that counsel secured a plea to a Superseding Information, which drastically limited petitioner's maximum sentence

exposure. (CR ECF 36). The charges in the original Indictment carried significantly higher penalties without a cap. Additionally, counsel made objections not once, but twice, to the guideline calculations prior to the sentencing hearing, specifically to draw the Court's attention to the cooperation agreement between the petitioner and the Government. (CR ECF 48, 50).

Petitioner claims her counsel had a duty to inform the District Judge of her cooperation (and file a sentence reduction motion) during the sentencing hearing and was deficient for failing to raise this issue at the sentencing hearing. The undersigned first notes that the Plea Agreement Supplement was filed of record at the time of the sentencing hearing and contained information that revealed to the District Judge petitioner's agreement to provide full cooperation.

Pursuant to the terms of the Plea Agreement and Plea Agreement Supplement, the Government was *not* required to file a Section 5K1.1 motion and the Government was *not* required to mention petitioner's cooperation at the sentencing hearing. Furthermore, the option for filing a motion for a sentence reduction under Section 5K1.1 resides with the Government, based on its own interpretation of the petitioner's cooperation, not with the petitioner's counsel. Specifically, the Plea Agreement Supplement expressly provides that the Government retains the *sole discretion* to decide whether to file a Section 5K1.1 motion and the agreement does not speak to any actions by the petitioner's counsel:

> If, *in its sole discretion*, **the [G]overnment** determines that the defendant has provided substantial assistance in the investigation or prosecution of others, **it will file a motion** urging sentencing consideration for that assistance. Whether and to what extent to grant the motion are matters solely within the Court's discretion.

(CR ECF 41 at 1) (**emphasis** added).

The Government has almost boundless discretion in deciding whether to move for such a departure. *Wade v. United States*, 504 U.S. 181, 185 (1992). Therefore, petitioner was not guaranteed a Section 5K1.1 downward departure based solely on her agreement to cooperate with the

Government. Nonetheless, petitioner appears to argue that her actual *unspecified* cooperation required her counsel to file a motion based on that *unspecified* "substantial assistance."

The Government can bargain away its discretion to file a motion under Section 5K1.1 if the plea agreement provides that the Government "will file" such a motion. *United States v. Price*, 95 F.3d 364, 368 (5th Cir. 1996). Here, the Plea Agreement Supplement expressly provided that the decision to file a departure motion based on substantial assistance was based on the Government's "sole discretion." Clearly, the Government retained its discretion to determine whether to file a Section 5K1.1 motion for reduction or not file such a motion.

The undersigned also notes that no such Section 5K1.1 motion had been filed prior to the sentencing hearing. If petitioner believed she was *entitled* to the filing of the motion pursuant to the Plea Agreement Supplement, she had the opportunity to address this issue herself with the Court at her sentencing hearing. It appears petitioner claims her counsel should have raised her cooperation in open court at her sentencing hearing. Ignoring any possible strategic reason counsel may have had not to make a statement in <u>open court</u> that petitioner was cooperative, which could have resulted in retaliation against petitioner for that cooperation, it is apparent the Government did not consider petitioner's cooperation "substantial" enough to warrant the filing of a motion for downward departure based on her cooperation. If counsel had raised the issue in open court, this strategy could have backfired, leaving the Government to articulate all the reasons why they felt petitioner's cooperation (or lack thereof) warranted a sentence within the guidelines (or at the top end of the guidelines). Petitioner's real argument is that she provided substantial assistance (in her opinion) and was thus entitled to a Section 5K1.1 reduction. However, "absent a motion for downward departure made by the government, a sentencing court is without authority to grant a downward departure on the basis of substantial assistance under Section 5K1.1." *Price*, 95 F.3d at 367. As the Government

did not file a motion for a Section 5K1.1 downward departure prior to the sentencing, petitioner's counsel was aware the Government had not determined petitioner's cooperation to be "substantial assistance" at the time of the sentencing hearing. Even if counsel had raised the cooperation issue at the hearing, petitioner has made no showing that a lower sentence would have been imposed.

The Court does not minimize that petitioner agreed to cooperate with the Government at possibly some risk to herself. However, many variables are at play when determining whether substantial assistance has been provided by the cooperation of a defendant. The level of cooperation, and whether it is "substantial," is really "in the eye of the beholder;" in this case, the "beholder" was exclusively the Government, who in accordance with the Plea Agreement Supplement, had the sole authority to determine whether or not to file a motion for downward departure based on petitioner's cooperation. In such cases as these, not all factors considered by the Government are known to a defendant. The information and assistance provided by petitioner may have been repetitive (already known by the Government), inaccurate, or unhelpful. The bottom line is that the Government in this situation fully reserved the right to file or, in this case, not to file a motion for a downward departure if it deemed petitioner's cooperation insufficient to warrant such a motion.

The Court must abstain from involving itself in plea bargaining and/or prosecutorial decisions. Rule 11 of the Federal Rules of Criminal Procedure specifically prohibits a judge from assuming the role of an active negotiator in the plea bargain process. *See Frank v. Blackburn*, 646 F.2d 873, 880 (5th Cir. 1980). Attempting to force the Government to file a motion for downward departure based on substantial assistance will nullify the plea agreement that reserved such decision entirely for the Government. The Court is not in a position to overrule the Government's decision, absent a showing by petitioner that the Government had an improper motive for failing to file the motion for downward departure. Petitioner has failed to make such a showing, and the sentencing

transcript and record gives no cause for the Court to believe such an improper motive exists.

Petitioner fails to establish counsel performed deficiently or that she was prejudiced as a result thereof. Because the discretion to file a Section 5K1.1 motion lies solely with the Government, counsel did not perform deficiently by failing to file his own such motion. Petitioner's sole allegation of ineffective assistance of counsel should be denied.

### IV.     RECOMMENDATION

It is the RECOMMENDATION of the United States Magistrate Judge to the United States Senior District Judge that the *Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody* filed by petitioner MARISELA ALVARADO be DENIED.

### V.     INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a file marked copy of the Findings, Conclusions and Recommendation to petitioner and to each attorney of record by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED December 28, 2020.

_____
LEE ANN RENO
UNITED STATES MAGISTRATE JUDGE

### * NOTICE OF RIGHT TO OBJECT *

Any party may object to these proposed findings, conclusions and recommendation.   In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line.   Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E).   **Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date.   *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Findings, Conclusions and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1), *as recognized in ACS Recovery Servs., Inc. v. Griffin*, 676 F.3d 512, 521 n.5 (5th Cir. 2012); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).